LATHROP & GAGE LLP
John Shaeffer (Bar No. 138331)
jshaeffer@lathropgage.com
Carole Handler (Bar No. 129381)
chandler@lathropgage.com
Randy Merritt (Bar No. 187046)
rmerritt@lathropgage.com
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone: (310) 789-4600
Fax: (310) 789-4601

New Attorneys for Defendants
MYLIFE.COM INC. and OAK INVESTMENT PARTNERS
JEFFREY TINSLEY, RACHEL GLASER,
W. DWIGHT GORALL, ARMEN
AVEDISSIAN, MICHAEL SOH, and SHARYN ELES

LAW OFFICES OF RONALD JASON PALMIERI, P.C.
Ronald Jason Palmieri (Bar No. 96953)
lawofcsrjp@aol.com
1644 North Orange Grove Avenue
Los Angeles, CA 90046
TELEPHONE:    (323) 882-8225
FACSIMILE:    (323) 882-8208

Co-Counsel for Defendant
MYLIFE.COM INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOHN CLERKIN and VERONICA MENDEZ, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br>   v.<br><br>MYLIFE.COM INC., JEFFREY TINSLEY, RACHEL GLASER, W. DWIGHT GORALL, ARMEN AVEDISSIAN, MICHAEL SOH, SHARYN ELES, and OAK INVESTMENT PARTNERS,<br><br>           Defendants. | Case No. 4:11-CV-00527-CW<br><br>**DEFENDANT W. DWIGHT GORALL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>[Declarations of W. Dwight Gorall and John Shaeffer, filed concurrently]<br><br>Date:  May 12, 2011<br>Time:  2:00 p.m.<br>Judge: Hon. Claudia Wilken |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 12, 2011 at 2:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 2, Fourth Floor, of the above-entitled Court, the Honorable Claudia Wilken, presiding, located at 3101 Clay Street, Oakland, California, 94612.  Defendant W. Dwight Gorall will and hereby does move the Court pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for an order dismissing the First Amended Complaint, and each claim for relief contained therein, filed by Plaintiffs John Clerkin and Veronica Mendez ("Plaintiffs").

Defendant brings this motion after a telephonic attempt to meet and confer with counsel for Plaintiffs to voluntarily dismiss their action against Gorall because the Court lacked personal jurisdiction over him, which took place on April 1, 2011.  Declaration of John Shaeffer, ¶ 3.

Defendants' Motion is made on the grounds that this Court must dismiss this matter pursuant to Rule 12(b)(2) on the ground that it does not have personal jurisdiction over Gorall.  W. Dwight Gorall is a resident of Boca Raton, Florida with no substantial contacts to California, and Plaintiffs have not made a prima facie showing that this Court may exercise either general or specific jurisdiction over him.

The foregoing grounds are addressed in detail in the attached Memorandum of Points and Authorities.  This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the attached declarations of W. Dwight Gorall and John Shaeffer, and on all papers, pleadings, records and files in this case, on all other matters of which judicial notice may be taken, and on such other evidence and/or argument as may be presented to the Court on the hearing of this Motion.

Defendants respectfully requests the Court dismiss Plaintiffs' Complaint against Gorall, and each claim for relief against him contained therein, with prejudice.

DATED:  March 11, 2010                    LATHROP & GAGE

                                                    By:  /s/ John Shaeffer
                                                        JOHN SHAEFFER
                                                        Attorneys for Defendant
                                                        W. DWIGHT GORALL

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiffs John Clerkin and Veronica Mendez ("Plaintiffs") admit that Defendant W. Dwight Gorall ("Gorall") is a resident of West Palm Beach, Florida. They offer no allegations purporting to demonstrate that Gorall has any contacts with California, let alone any significant or continuous contacts, that justify the Court's jurisdiction over him. Nevertheless, in an amended complaint woefully lacking in any factual allegations necessary to state any claims for relief, let alone to meet due process requirements for personal jurisdiction, Plaintiffs seek to compel Gorall to defend himself against specious charges in a distant forum, three thousand miles away from his residence.

The only other factual allegation Plaintiffs make regarding Gorall is that in early 2009 he was hired to be the Vice President of Emerging Business for Defendant MyLife.com Inc ("MyLife"), a corporation with its headquarters in Santa Monica, California. The Ninth Circuit, however, has long recognized that "a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989). Plaintiffs cannot overcome the application of the fiduciary shield doctrine by relying on their broad, general allegations that Gorall "participated in," "aided and abetted," and "conspired in" the perpetration of the fraudulent "scam" inadequately alleged in the First Amended Complaint. Without a scintilla of factual allegations, let alone actual evidence, supporting these generalized and formulaic legal conclusions, Plaintiffs nevertheless ask this Court to exercise jurisdiction over Gorall. Because Plaintiffs cannot justify either general or specific jurisdiction, the Court should reject Plaintiffs' invitation.

**II.    SUMMARY OF OPERATIVE SPECIFIC FACTS**

**A.    Plaintiffs' Allegations**[1]

MyLife is a successful internet based social networking site with more than 62 million members. MyLife currently registers more members per month in the United States than either

---

[1] Defendant Gorall does not admit or acknowledge the veracity of the "facts" set forth in the First Amended Complaint ("FAC") and repeated in this section. Citations to the FAC are made to its Docket Number followed by the relevant page and line number.

LinkedIn or Twitter. [DK 27 at 6:21-7:7] Defendant Jeffrey Tinsley founded MyLife's predecessor Reunion.com in 2002, and is MyLife's current chairman and CEO. [DK 27 at 8:9-13]

Plaintiffs allege that they each independently began receiving emails in 2010 that people were looking for them on MyLife and that they could find out who for free by visiting the site. [DK 27 at 7:6-8 and 20-22] They both registered with the site and discovered that they did not know the persons looking for them. [DK 27 at 7:7-25] At some point, Plaintiff both signed up for MyLife's paid subscription service. Clerkin signed up for MyLife paid services costing $21.95[2] per month and Mendez signed up for services costing $5 per month. [DK:7:7-25] Thereafter, Plaintiffs discovered that MyLife charged each of their credit cards $155.40 and $60, respectively. [DK:7:7-25] Plaintiffs allege that, rather than charge its customers a monthly fee for service, MyLife charges a customer's credit card at time of subscription for the entire term of the monthly subscription. [DK 27 at 5:16-18]

After learning that MyLife had charged his credit card $155.40, Clerkin sought to cancel his subscription. [DK 27 at 7:12-17] While MyLife initially refused Clerkin's request for a refund, in early October 2010, MyLife refunded him $104.55. [DK 27 at 7:12-17] Mendez similar sought to cancel her subscription and demanded a refund. [DK 27 at 8:25-9:3] MyLife refused to refund any portion of Mendez's subscription fee. [DK 27 at 8:25-9:3]

Plaintiffs' entire allegations regarding Gorall are as follows:
> Defendant W. Dwight Gorall is a resident of West Palm Beach, Florida. Mr. Gorall joined MyLife in March 2009 as Vice President of Emerging Business. Mr. Gorall conspired with MyLife, Mr. Tinsley, and others to perpetrate the scam described herein.

[DK 27, at 8:21-23]
> Defendants Jeffry Tinsley, Rachel Glaser, W. Dwight Gorall, Armen Avedissian, Michael Soh, Sharyn Eles, and Oak Investment Partners are each subject to direct liability for this cause of action because each of them personally performed acts [constituting a violation under the cause of action]

[Repeated under each count stated in the FAC. DK 27, at 12:15-18; 14:25-28; 17:22-25; 20:5-8; 22:18-21]
> Defendant W. Dwight Gorall is also personally liable (a) for

---

[2] Taken in context with the rest of the FAC, it appears that Plaintiffs may have transposed Clerkin's subscription, which should be $12.95 per month for an annual subscription or $155.40.

> aiding and abetting MyLife and other defendants to commit the conduct giving rise to Count [Number], (b) for conspiring with MyLife and other defendant to commit the conduct giving rise to the Count [Number], and providing substantial assistance in doing so, (c) for furnishing the means for accomplishment of the conduct giving rise to the Count [Number], and (d) for the conduct of Armen Avedissian, Michael Soh, Sharyn Eles under the theory of respondeat superior, because Gorall authorized or directed his subordinates to commit the conduct described herein.

[Repeated under each count stated in the FAC.  DK 27, at 13:17-23; 15:17-23; 18:14-20; 20:25-21:3; 23:11-17]

### B. Gorall's Lack of Contacts With California

Plaintiffs correctly allege that Gorall is a resident of Florida, although their allegations wrongly state his residence is West Palm Beach, rather than Boca Raton.  Declaration of W. Dwight Gorall ("Gorall Decl.") ¶ 2.  Indeed, Gorall owns no property or other assets in California or pays any California taxes.  *Id.*  The only contact with California of which Gorall is aware is his employment relationship with MyLife.  *Id.*  Plaintiffs are correct that MyLife hired Gorall in March 2009 and that since that time he has worked as MyLife's Vice President of Emerging Business.  *Id.*  Contrary to Plaintiffs generalized allegations regarding Gorall's responsibilities and actions taken on behalf of his employer, however, Gorall has no responsibility over MyLife's marketing or billing departments.  *Id.* at ¶ 3.  In particular, Gorall has no supervisory responsibility over Armen Avedissian, Michael Soh, or Sharyn Eles and has never directed any or all of them to engage in any false or misleading conduct.  *Id.* at ¶ 4.

## III. LEGAL ARGUMENT

### A. Standard for Dismissal for Lack of Personal Jurisdiction Under 12(b)(2)

When jurisdiction is challenged by a defendant who does not reside in the forum state, the plaintiff bears the burden of establishing that personal jurisdiction is appropriate.  *See KVOS, Inc. v. Assoc. Press,* 299 U.S. 269, 278 (1936) (although the defendant is the moving party on a motion to dismiss, the plaintiff bears the burden of establishing that jurisdiction exists); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.").  Where the motion is based on written materials rather than an

1    evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher*
2    *v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990). Accordingly, the court only "inquire[s] into whether
3    [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth*
4    *v. Int'l Psychoanalytical Ass'n.*, 59 F.3d 126, 128 (9th Cir. 1995). In making this inquiry, however,
5    the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit."
6    *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).
7        "There are two limitations on a court's power to exercise personal jurisdiction over a
8    nonresident defendant: the applicable state personal jurisdiction rule and constitutional principles of
9    due process." *Sher,* 911 F.2d at 1361. Because California's jurisdictional statute is co-extensive with
10   due process requirements under the United States Constitution, the Court's analysis merges into a
11   single determination of whether exercising personal jurisdiction over the nonresident defendant
12   violates the protections created by due process. *Id*.
13       Federal due process requires that a nonresident defendant have minimum contacts with the
14   forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair
15   play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945);
16   (Fed.R.Civ.P 12(b)(2). The constitutional test may be satisfied in either of two ways. If the
17   defendant has "substantial" or "continuous and systematic" contacts with the forum state, general
18   jurisdiction may be proper even if the cause of action is unrelated to the defendant's forum activities.
19   *Data Disc, Inc.*, 557 F.2d at 1287 (citing *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437,
20   446-47 (1952)); see also *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984). In contrast, the
21   Court may exercise specific jurisdiction over the defendant when the cause of action arises out of or
22   is sufficiently related to the defendant's forum-related actions, even when those actions do not rise to
23   the substantial, continuous, or systematic level required to establish general jurisdiction. *Burger King*
24   *Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *Sher*, 911 F.2d at 1361, *Data Disc*, 557 F.2d at 1287.
25       Although the FAC contains jurisdictional allegations regarding MyLife, it does not include
26   any jurisdictional allegations regarding Oak Investments or the Individual Defendants, including
27   Gorall. [DK 27, at 9:19-22] It is unclear, therefore, on what basis Plaintiffs asks this Court to impose
28

jurisdiction over Gorall. As shown below, however, Plaintiffs cannot establish a factual basis for either general or specific jurisdiction. As a result, their claim against Gorall should be dismissed.

**B.     Plaintiffs Have Failed to Establish the Court's General Jurisdiction over Gorall.**

"General personal jurisdiction" over a non-resident defendant exists only if plaintiff shows that defendant has "substantial, continuous and systematic" contacts with the forum state. *Glencore v. Grain Rotterdam B.V.*, 284 F.3d 1114, 1123 (9th Cir. 2002); *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). "This is a fairly high standard in practice." *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986); *Schwarzenegger*, 374 F.3d at 801 ("This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum to answer for any of its activities anywhere in the world"); *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir. 1990) ("The level of contact with the forum state necessary to establish general jurisdiction is quite high")  *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (to confer general jurisdiction, a defendant's forum contacts must be so "substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes.

Here, Plaintiffs allege that Gorall "is a resident of West Palm Beach, Florida". [DK 27, at 8:21; *cf*. Gorall Decl. ¶ 2]  Plaintiffs, however, did not – and cannot – allege the Gorall has any contacts with California other than his status as an employee of a corporation doing business in California. [DK 27, at 8:21-23; Gorall Decl. ¶ 2]. On its face, therefore, Plaintiffs have failed to allege any facts establishing the necessary contacts with California to confer general jurisdiction. *See Davis v. Metro Prods., Inc.,* 885 F.2d 515, 520 (9th Cir.1989) ("a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person.").

**C.     Plaintiffs Have Failed to Establish the Court's Specific Jurisdiction over Gorall.**

In the absence of such continuous or substantial activity, Plaintiffs can only establish jurisdiction over Gorall based on specific jurisdiction, requiring them to demonstrate a strong relationship between the quality of Gorall's forum contacts and the cause of action. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 487 (1985); *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800

F.2d 1474 (9th Cir. 1986).  Specific jurisdiction may be exercised when the "nature and quality" of the defendant's contacts with the forum state are significant in relation to the specific cause of action. *Data Disc, Inc.*, 557 F.2d at 1287.

    The Ninth Circuit has established a three-prong test for determining specific jurisdiction:

(1)     The non-resident defendant must purposely direct its activities or consummate some transaction with the forum or resident thereof; or perform some act by which it purposely avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2)     Plaintiff's claims must be ones that arise out of or relate to defendant's forum-related activities; and

(3)     The exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger*, 374 F.3d at 801; *Cybersell, Inc. v. Cybersell, Inc*. 130 F.3d 414, 416 (9th Cir. 1997).  Failure to meet ***any*** one of these three prongs mandates dismissal on jurisdictional grounds. *Ins. Co. of North America v. Marina Salina Cruz,* 649 F.2d 1266, 1270 (9th Cir. 1981).  Plaintiffs bear the burden of establishing that the first two prongs are satisfied.  *Schwarzenegger*, 374 F.3d at 802;  If – and only if – Plaintiffs carry this burden, does the burden shift to Gorall to establish that the Court's assertion of jurisdiction is not reasonable.

    On its face, the FAC alleges claims sounding in tort against every defendant, including Gorall. Thus, Plaintiffs will likely rely on a purposeful direction analysis to meet the first prong of the three-part test.  *See Schwarzenegger*, 374 F.3d at 802 ("A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort.").  To determine whether a nonresident defendant has engaged in purposefully directed conduct, the Ninth Circuit uses a three-part test, requiring that the defendant be alleged to have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 802.  Plaintiffs have not alleged that Gorall has engaged in any conduct that meets this standard; nor can they in good faith do so.

1    Plaintiffs offer only the broad, general allegation that Gorall "joined MyLife in March 2009 as
2 Vice President of Emerging Business." [DK 27, at 8:22-23]  Although Plaintiffs do allege that this
3 Court has personal jurisdiction over MyLife (FAC ¶ 18), "a person's mere association with a
4 corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert
5 jurisdiction over the person."  *Davis,* 885 F.2d at 520; *see also Colt Studio, Inc. v. Badpuppy
6 Enterprise,* 75 F.Supp.2d 1104, 1111 (C.D.Cal.1999) ("[t]he mere fact that a corporation is subject to
7 local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees
8 are suable locally as well."); *j2 Global Communications, Inc. v. Blue Jay, Inc.*, 2009 WL 29905, *5
9 (N.D.Cal. 2009) ("The fiduciary shield doctrine protects individuals from being subject to jurisdiction
10 solely on the basis of their employers' minimum contacts within a given jurisdiction.") *Wolf Designs,
11 Inc. v. DHR Co.,* 322 F.Supp.2d 1065, 1072 (C.D.Cal.2004) (" 'Under the fiduciary shield doctrine a
12 person's mere association with a corporation that causes injury in the forum state is not sufficient in
13 itself to permit that forum to assert jurisdiction over the person.'"); *Just Film, Inc. v. Merchant
14 Services, Inc.*, 2010 WL 4923146, *6 (N.D.Cal. 2010) (applying fiduciary shield doctrine to
15 individual defendants who were generally alleged to direct and control corporate defendants that were
16 subject to personal jurisdiction when plaintiff failed to allege how individual defendants controlled or
17 participated in the alleged fraudulent scheme).  In accordance with this fiduciary shield doctrine,
18 Plaintiffs cannot ground this Court's personal jurisdiction over Gorall on his role as an employee of
19 MyLife.
20    Two exceptions to the fiduciary shield doctrine exist; neither of which helps Plaintiffs here.
21 The fiduciary shield doctrine does not apply "(1) where the corporation is the agent or alter ego of the
22 individual defendant; or (2) by virtue of the individual's control of, and direct participation in the
23 alleged activities."  *Wolf Designs,* 322 F.Supp.2d at 1072; *Just Film*, 2010 WL 4923146 at *6.  The
24 FAC, however, is strikingly silent regarding any specific allegations that would support either of
25 these two exceptions.  In fact, any attempt to allege that MyLife is the alter ego of Gorall flies in the
26 face of Plaintiffs allegations that Gorall "joined MyLife" in early 2009, long after MyLife had been
27 created and began business operations.  Moreover, Plaintiffs fail to identify or describe what "acts"
28 Gorall allegedly performed or what conduct they claim establishes that he "controlled" or "directly

1 participated" in the alleged wrongful activities.[3]  Indeed, Gorall, as Vice President of Emerging
2 Business, does not have responsibilities over MyLife's marketing or billing and does not supervise
3 MyLife employees, Armen Avedissian, Michael Soh, or Sharyn Eles.  Gorall Decl. ¶¶ 3-4.
4 　　　Plaintiffs cannot save their action against Gorall by relying on their generic and formulaic
5 recitations that Gorall (1) "personally performed acts" in violation of the causes of action alleged in
6 the FAC; (2) aided and abetted MyLife and other defendants to commit the conduct giving rise to the
7 listed claims for relief; (3) conspired with MyLife and other defendants to commit the conduct giving
8 rise to the listed claims for relief; and (4) furnished the means for accomplishing the conduct giving
9 rise to the listed claims for relief.  [DK 27,at 13:7-13; 15:17-23; 18:14-20; 20:25-21:3; 23:11-17]  In
10 addition, Plaintiffs alleged that they were personally liable "under an agency theory" and "under the
11 theory of respondeat superior."  [*Id.*]  Such generalized legal conclusions masquerading as allegations
12 are patently insufficient to establish stating a claim for relief, let alone supporting the imposition of
13 personal jurisdiction consistent with due process.  *Cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,
14 555 (2007) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the
15 elements of a cause of action will not do."); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (a
16 complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement").
17 Plaintiffs fail to allege any facts to establish the elements required under the three-part "effects" test
18 to establish the "purposeful direction" prong necessary to impose specific jurisdiction.  Plaintiffs did
19 not – and cannot – allege any facts that demonstrate the Gorall "(1) committed an intentional act, (2)
20 expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered
21 in the forum state." *Schwarzenegger*, 374 F.3d at 802.  As a result, Plaintiffs, utterly fail to meet their
22 legal burden to establish a prima facie showing that Gorall purposefully directed his activities toward

---

[3] Gorall, as well as the remaining Defendants, do not agree that the minimal factual allegations of any actions taken by MyLife or its employees, officers, or investors constitute "wrongful activities". Defendants have set forth their position in their Motion to Dismiss under Rule 12(b)(6), filed concurrently herewith.

these California residents.[4]  Plaintiffs, therefore, have not justified the exercise of personal jurisdiction over Gorall and their claims against him should be dismissed.

## IV. CONCLUSION

Based upon the foregoing, Plaintiffs respectfully requests that this Court dismiss Plaintiffs claims against him in accordance with Rule 12(b)(2) of the Federal Rules of Civil Procedure.

DATED:  March 11, 2010                              LATHROP & GAGE

By:  /s/ John Shaeffer_____
    JOHN SHAEFFER
    Attorneys for Defendant
    W. DWIGHT GORALL

---

[4] Without even a single factual allegation of any intentional act, Plaintiffs cannot rationally contend that they have established that their claims arise out of Gorall's forum related conduct.  Without the predicate forum-related conduct, the Court cannot determine whether the alleged harm to Plaintiffs (if any) would not have occurred "but for" Gorall's forum-related conduct, as required under the Ninth Circuit's "but for" test.  *See Ballard v. Savage,* 65 F.3d 1495, 1500 (9th Cir.1995). ("We rely on a "but for" test to determine whether a particular claim arises out of forum-related activities and thereby satisfies the second requirement for specific jurisdiction.").