LATHROP & GAGE LLP
John Shaeffer (Bar No. 138331)
jshaeffer@lathropgage.com
Carole Handler (Bar No. 129381)
chandler@lathropgage.com
Randy Merritt (Bar No. 187046)
rmerritt@lathropgage.com
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone: (310) 789-4600
Fax: (310) 789-4601

Attorneys for Defendants
MYLIFE.COM INC. and OAK INVESTMENT PARTNERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| JOHN CLERKIN and VERONICA MENDEZ, individually and on behalf of all others similarly situated,<br><br>　　Plaintiffs,<br>　　v.<br><br>MYLIFE.COM INC., and OAK INVESTMENT PARTNERS,<br><br>　　Defendants. | Case No. 4:11-CV-00527-CW<br><br>**DEFENDANT OAK INVESTMENT PARTNERS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 1, 2011<br>Time: 2:00 p.m.<br>Judge: Hon. Claudia Wilken |
| CYNTHIA MCCRARY, individually and on behalf of all others similarly situated,<br><br>　　Plaintiffs,<br>　　v.<br><br>MYLIFE.COM INC.,<br><br>　　Defendant. | |
| CODY BROCK, individually and on behalf of all others similarly situated,<br><br>　　Plaintiffs,<br>　　v.<br><br>MYLIFE.COM INC[1]<br><br>　　Defendant. | |

---

[1] For purposes of this Motion to Dismiss, Defendant MyLife.com, Inc. continues with Plaintiffs' unusual caption for this case, and trust that Plaintiffs will fix it in the future.

OAK INVESTMENT'S MOTION TO DISMISS UNDER FRCP 12(b)(6) – [Case No. 4:11-CV-00527-CW]

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 1, 2011, at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 2, Fourth Floor of the above-entitled Court located at 1301 Clay Street, Oakland, California 94612, Defendant Oak Investment Partners ("Oak Investment") will and hereby does move the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing each claim for relief against Oak Investment contained in the Consolidated Amended Class Action Complaint, filed by Plaintiffs John Clerkin, Victoria Mendez, Cynthia McCrary and Cody Brock ("Plaintiffs").

Defendants' Motion is made on the following grounds

1.  Plaintiffs' First, Second, Third, Fourth, Fifth and Sixth Causes of Action against Oak Investment fail to state claims upon which relief can be granted because Plaintiffs fail to allege necessary factual allegations supporting the elements of the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

The foregoing grounds are addressed in detail in the attached Memorandum of Points and Authorities. This Motion is based on this Notice, the attached Memorandum of Points and Authorities, on all papers, pleadings, records and files in this case, on all other matters of which judicial notice may be taken, and on such other evidence and/or argument as may be presented to the Court on the hearing of this Motion.

Defendants respectfully request that the Court dismiss each claim for relief against Oak Investment contained in Plaintiffs' Consolidated Amended Class Action Complaint.

DATED:  July 28, 2011                     Respectfully submitted,

By _____/s/ John Shaeffer_____
John Shaeffer
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone: (310) 789-4600
Fax: (310) 789-4601
Email: jshaeffer@lathropgage.com
New Attorneys for MYLIFE.COM INC. and
OAK INVESTMENT PARTNERS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

On June 9, 2011, this Court heard the Motion to Dismiss the Class Action Complaint ("CAC") filed by Plaintiffs John Clerkin and Victoria Mendez brought against Defendant MyLife, Inc. ("MyLife") various of its officers and employees and Oak Investment Partners ("Oak Investment"), an entity Clerkin and Mendez alleged to be a venture capital firm that provided funding to MyLife. During the hearing the Court cautioned counsel for Clerkin and Mendez that their generalized allegations of aiding and abetting and conspiracy were insufficient to tie others to the alleged wrongful conduct of MyLife.

Heading the Court's direction, the Consolidated Amended Class Action Complaint ("CACC") brought by Clerkin, Mendez, Cynthia McCrary and Cody Brock ("Plaintiffs") pleads no claims against any of MyLife's officers or employees. Curiously, the CACC's caption indicates that Clerkin and Mendez intend to press their undefined allegations against Oak Investment and the CACC itself appears to assert these allegations on behalf of each of the Plaintiffs.

The law does not allow Plaintiffs' CACC to stand where the allegations are supported by mere tautology; attributing liability to Oak Investment simply by stating there is liability is insufficient to maintain any of the claims in CACC and thus all claims as to Oak Investment must be dismissed.

## II. ALLEGATIONS IN THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

MyLife is a successful internet based people search site with more than 62 million members. MyLife currently registers more members per month in the United States than either LinkedIn or Twitter. [DK 68 at 7:21-8:4] The CACC generally alleges that "MyLife[] is a scam that begins with a false solicitation that "someone" is search for them." "In exchange for [a] payment," the CACC boldly alleges that "MyLife provides access to a list of fake names of people supposedly 'searching for you,' together with access to a worthless website that is of no conceivable value to anyone." [DK 68 at 2:13-19]

The CACC also goes on to make specific allegations on behalf of the four separate, individual Plaintiffs. Generally, the CACC alleges that each plaintiff received an email, or saw an

advertisement, stating that the people were looking for him or her on MyLife. [DK 68 at 8:6-9, 8:20-22, 9:5-7 and 9:12-14] Additionally, each plaintiff alleges that they signed up with MyLife, paid some fee, but discovered that no one they knew, or no one at all, was actually searching for them. [DK 68 at 8:10-13, 8:25-16, 9:7-8, and 9:14-15] Moreover, both Clerkin and Mendez allege that they were overcharged by MyLife in some amount. [DK 68 at 8:14-16, 8:24-15]

As is common for many successful growing businesses, Oak Investment allegedly accepted $25 million from a venture capital firm, Oak Investment. [DK 68 at 9:21-23] Despite 17 pages of allegations as to the wrongdoing attributable to MyLife, the only allegation specific to Oak Investment is that Oak Investment provided that money to "bankroll the MyLife scam, and conspired with MyLife and others to perpetrate the scam described herein," [DK 68 at 9:21-24] and the repeated allegation that Oak Investment is "liable (a) for aiding and abetting MyLife and others to commit the conduct giving rise to Count[s] I, [II, II, IV and V], (b) for conspiring with MyLife and others to commit the conduct giving rise to Count[s] I, [II, II, IV and V], and (c) for furnishing the means for the accomplishment of the conduct giving rise to Count[s] I, [II, II, IV and V]." [DK 68 at 12:25-28, 13:20-23, 15:3-6, 15:26-16:2, and 16:25-28] As to Plaintiffs' sixth claim for unjust enrichment/common law restitution, Plaintiffs make no specific allegations as to Oak Investment, but rather merely state "[e]ach defendant received benefits from, at the expense of Plaintiffs…" [DK 68 at 17:13-15]

At its hearing on June 9, 2011, the Court indicated during oral argument on the motion to dismiss the CAC that the conclusory allegations of aiding and abetting and conspiracy were insufficient to lasso others to the wrongdoing Clerkin and Mendez alleged against MyLife. While the Court stated that it took the matter under submission, no order on the motion ever issued. Instead, and consistent with the Court's instruction, the Plaintiffs filed the CACC, which does not name any officer or employee of MyLife but continues to name Oak Investment.

### III.  LEGAL ARGUMENT

#### A.  Standard For Motion To Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d. 729, 732 (9th Cir.

2001).  When reviewing a motion to dismiss, the Court must view the facts alleged in the complaint to be true.  *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations").  This well-worn maxim, however, is not applicable to legal conclusions.  Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to support a claim for relief.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Cattie v. Wal-Mart Stores*, 504 F.Supp.2d 939, 843 (S.D.Cal. 2007) ("[T]he Court is not required to accept mere conclusory allegation nor does the Court necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.").  Similarly, a cause of action cannot be stated simply through "formulaic recitations of the elements of the cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a challenge under Rule 12(b)(6), a complaint must contain "enough facts to state a claim for relief that is ***plausible on its face***."  *Id*. (emphasis added).  Although plausibility does not require probability, this demand for facial plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ibid*.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of `entitlement to relief.'"  *Iqbal*, 129 S.Ct. at 1949 (citations omitted).

> **B.  Plaintiffs Have Failed to Allege Any Facts Identifying The Particular Actions Taken By Oak Investment That Subject It To Liability.**

Plaintiffs fail to allege facts to establish any plausible basis to conclude that Oak Investment is directly or indirectly liable for the wrongful conduct alleged against MyLife.  Other than simply identifying its relationship to MyLife as an investor, the entirety of Plaintiffs' allegations against Oak Investment is that it (1) aided and abetted MyLife to commit the conduct giving rise to the listed claims for relief; (2) conspired with MyLife to commit the conduct giving rise to the listed claims for relief; and (3) furnished the means for accomplishing the conduct giving rise to the listed claims for relief.  Such allegations, however, are precisely the formulaic recitations and naked assertions the Supreme Court expressly rejected in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*.  *See Twombly*, 550 U.S. at 555 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitations

of the elements of a cause of action will not do."); *Iqbal*, 129 S.Ct. at 1949 (a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'").

The Supreme Court has expressly held that, although allegations of legal conclusions may "provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S.Ct. at 1950. According to *Iqbal*, the first step in evaluating the sufficiency of the CACC to state any claims for relief against Oak Investment is to identify those allegations "that are entitled to the assumption of truth." *Id*. at 1951. Bare assertions, such as Plaintiffs' legal conclusions and formulaic recitations of "conspired," "aided and abetted," and "furnishing the means for the accomplishment of the conduct," are properly ignored in evaluating whether the CACC states any claim for relief. *Id*. After these conclusory and formulaic allegations are removed from consideration, the Court turns to the actual specific factual allegations – if any remain – in the "complaint to determine if they plausibly suggest an entitlement to relief." *Id*. While Plaintiffs plead the labels of liability, Plaintiffs make no effort to even identify in the CACC – even in a conclusory form – the elements that would support the liability perfunctorily and conclusorily alleged. *See Fortaleza v. PNC Financial Services Group, Inc.* 642 F.Supp.2d 1012, 1018 (N.D. Cal. 2009) (striking conclusory claims for aiding and abetting and conspiracy due to failure to even articulate the elements of the forms of liability).

Here, the utter absence of any factual allegations concerning any actions taken by Oak Investment leaves little to consider. *See Kelly v. Mortgage Electronic Registration Systems, Inc.*, 642 F.Supp.2d 1048, 1058 (N.D. Cal. 2009) (dismissing aiding and abetting and conspiracy claims because pleading failed to "allege specific facts about how each defendant conspired to commit the allegedly wrongful acts"). Plaintiffs have failed to allege the barest modicum of the factual basis for their legal conclusion that Oak Investment is directly or indirectly liable for MyLife's alleged conduct in a single claim. Plaintiffs cannot piggyback Oak Investment onto MyLife's alleged liability by simply stating liability exists absent a single specific allegation. *See Lane v. Vitek Real Estate Industries Group*, 713 F.Supp.2d 1092, 1104 (E.D.Cal. 2010) (conclusory allegations that "lump[ed] all defendants together and fail[ed] to identify any specific act taken by any one of the named defendants" insufficient). For example, Plaintiffs at best allege that Oak Investment raised funds for MyLife, but do not, because they cannot, allege any specific wrongful act perpetrated by Oak

Investment or that Oak Investment acted with the requisite knowledge. *See Casey v. U.S. Bank National Ass'n*, 127 Cal.App.4th 1138, 1145 (2005) ("California courts have long held that liability for aiding and abetting depends on proof the defendant had actual knowledge of the specific primary wrong the defendant substantially assisted.").

Because Plaintiffs plead merely conclusory allegations nakedly asserting the legal theory for the purported liability of Oak Investment, the absence of any "factual enhancement" as required under *Twombly* and *Iqbal*, the CACC cannot suffice. *See Twombly*, 550 U.S. at 555 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do."); *Iqbal*, 129 S.Ct. at 1949 (a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'").

Even if Plaintiffs had alleged facts describing the specific conduct and actions taken by the Oak Investments that supported their contention that they were directly or indirectly liable, which they did not, Plaintiffs' claims should still be dismissed under Rule 12(b)(6). Plaintiffs base their class action against all the Defendants on the foundation of the alleged conduct of MyLife. As shown in the concurrently-filed MyLife's Motion to Dismiss, because that foundation crumbles, the claims for relief built on it cannot stand.

## IV.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court dismiss each claim for relief against Oak Investment contained in the CACC.

DATED:  July 28, 2011                                           Respectfully submitted,

By  _____/S/ John Shaeffer_____
John Shaeffer
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone: (310) 789-4600
Fax: (310) 789-4601
Email: jshaeffer@lathropgage.com
Attorneys for MYLIFE.COM INC. and OAK INVESTMENT PARTNERS;