IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CLERKIN and VERONICA MENDEZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>MYLIFE.COM, INC. and OAK INVESTMENT PARTNERS,<br><br>    Defendants.<br>_____/ | No. C 11-00527 CW<br><br>ORDER GRANTING DEFENDANT OAK INVESTMENT PARTNERS' MOTION TO DISMISS AND DENYING DEFENDANTS' JOINT MOTION TO DISMISS AND MOTION TO STRIKE<br>(Docket Nos. 69, 70 and 73) |
| CYNTHIA MCCRARY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>MYLIFE.COM, INC.,<br><br>    Defendant.<br>_____/ | |
| CODY BROCK, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>MYLIFE.COM, INC.,<br><br>    Defendant.<br>_____/ | |

    In these consolidated cases, Defendants MyLife.com, Inc.; and Oak Investment Partners have filed three motions: a Rule 12(b)(6) Motion to Dismiss by Oak Investment Partners; a Rule 12(b)(6)

Motion to Dismiss by MyLife.com and Oak Investment Partners;[1] and a Rule 12(f) Motion to Strike by MyLife.com and Oak Investment Partners. Plaintiffs John Clerkin, Veronica Mendez, Cynthia McCrary and Cody Brock oppose the motions. The motions will be decided on the papers. Having considered the papers submitted by the parties, the Court GRANTS Oak Investment Partners' motion to dismiss and DENIES Defendants' joint motion to dismiss and motion to strike.

## BACKGROUND

Because the parties are familiar with the allegations of this case, only a limited recitation is provided below.

MyLife.com, Inc., operates mylife.com, an Internet website. MyLife presents those who sign up for its service with "a list of fake names of people supposedly 'searching for you.'" Consol. Am. Class Compl. (CACC) ¶ 1. To show that the website-generated lists are false, Plaintiffs point to a testimonial posted on the Internet by an individual who registered on the website as "sfsf sdgfsdgs." Id. at 4:4. The website reported to that individual that seven people were looking for "sfsf sdgfsdgs." Id. Plaintiffs cite another individual's Internet testimonial stating that, irrespective of the zip code entered, the website indicated that "Grovia Paxton" was residing in that zip code area and was looking for the individual. Id. at 4:13-18.

Clerkin and Mendez received emails from MyLife stating that

---

[1] Although the motion's caption states that the motion is brought by MyLife, the notice of motion indicates that it is asserted by MyLife and Oak Investment Partners.

people were searching for them. These emails influenced Clerkin's and Mendez's decisions to subscribe to MyLife's service. When Clerkin signed up for the service, MyLife represented that he would be charged $12.95 for one month; however, he was charged $155.40. When Mendez signed up for a trial subscription, MyLife represented she would be charged $5.00; however, she was charged $60.00. At the time they subscribed, the website represented membership prices in bold and relatively large print. Walker Decl., Ex. 2.[2] In grey and small print, below the prices, the website stated, "One payment for full membership term." Id., Ex. 2. On a separate "payment page," the website indicated the amounts for the single payment to be charged for each membership term and that "[a]ll charges are non-refundable." Id.; Defs.' Jt. Mot. to Dismiss 18:1. After using the service, Clerkin and Mendez discovered that no one they knew was looking for them.

McCrary and Brock saw advertisements "stating that someone could be looking for [them] on MyLife.com." CACC ¶¶ 9-10. The advertisement McCrary saw indicated she could find out by subscribing to the service, while the advertisement Brock saw said "he could find out whom for free." Id. ¶ 10. Both McCrary and

---

[2] Under the "incorporation by reference" doctrine, courts may "take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting In re Silicon Graphics Secs. Litig., 183 F.3d 970, 986 (9th Cir. 1999)). This doctrine extends "to internet pages as it does to printed material." Knievel, 393 F.3d at 1076. Plaintiffs do not dispute that the contents of the MyLife website are at issue in their complaint. Nor do they challenge the authenticity of Exhibit 2 of the Walker Declaration.

3

Brock discovered that "no one was looking for [them]." Id. ¶¶ 9-10.

Oak Investment Partners, a venture capital firm, provided $25 million to MyLife. It "conspired with MyLife and others." CACC ¶ 12.

Plaintiffs bring the following claims against Defendants: (1) common count for money had and received; (2) violation of California's Consumer Legal Remedies Act (CLRA), Cal. Civ. Code §§ 1750, et seq.; (3) violation of the fraud prong of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200, et seq.; (4) violation of the UCL's unlawful prong; (5) violation of the UCL's unfairness prong; and (6) unjust enrichment and common law restitution.

Plaintiffs' CACC is based largely on Clerkin and Mendez's amended complaint, which the Court dismissed in part. Among other things, Clerkin and Mendez's claims against Oak Investment Partners were dismissed because their allegations did not support liability against it.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true

and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

## DISCUSSION

I.   Oak Investment Partners' Motion to Dismiss

Oak Investment Partners asserts that Plaintiffs have not plead facts supporting liability against it for MyLife's alleged misconduct. Plaintiffs respond that their allegation that Oak Investment Partners provided funds to and conspired with MyLife is sufficient to state their claims against it.

Plaintiffs identify no allegation that distinguishes the CACC from Clerkin and Mendez's previously-dismissed complaint. Plaintiffs allege only that Oak Investment Partners provided $25 million to MyLife. Even if true, this is not sufficient to support conspiratorial or aider-and-abettor liability against Oak Investment Partners. This allegation does not suggest that Oak Investment Partners shared a common plan with MyLife, which is necessary to support liability as a co-conspirator. Applied Equip. Corp. v. Litton Saudia Arabia Ltd., 7 Cal. 4th 503, 510-11 (1994). Nor does it imply Oak Investment Partners was aware of MyLife's alleged fraudulent scheme or that it breached a duty to Plaintiffs, as required to impose aider-and-abettor liability. Saunders v. Superior Court, 27 Cal. App. 4th 832, 846 (1994).

5

Accordingly, Plaintiffs' claims against Oak Investment Partners are dismissed. Based on the dismissal of Clerkin and Mendez's amended complaint, Plaintiffs were on notice as to what was required to state a claim against Oak Investment Partners. Thus, this dismissal is without leave to amend.

II. Defendants' Joint Motion to Dismiss

A. Class Allegations

Defendants argue that certifying this case as a class action is not appropriate and, pursuant to Rule 12(b)(6), challenge Plaintiffs' class allegations.

Defendants fail to identify any authority permitting the use of a motion to dismiss for failure to state a claim to contest the suitability of class certification. They cite Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970 (9th Cir. 2010), which does not support their position. There, the Ninth Circuit held that Rule 12(f) did not authorize a district court to strike a punitive damages claim on the basis that it was barred as a matter of law. Id. at 974-75. The claim exhibited none of the characteristics enumerated in Rule 12(f),[3] and the court opined that the defendant's motion "was really an attempt to have certain portions of Whittlestone's complaint dismissed or to obtain summary judgment against Whittlestone as to those portions of the suit -- actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." Id. at 974. The court reasoned that

---

[3] Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

6

permitting the use of Rule 12(f) to eliminate claims would create "redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose." Id. The different standards of review applied to decisions under Rule 12(b)(6), which are reviewed de novo, and Rule 12(f) motions, which are reviewed for an abuse of discretion, also supported the court's conclusion. Id.

Indeed, Whittlestone counsels against employing Rule 12(b)(6) to challenge an action's fitness for class treatment. First, Rule 12(b)(6) permits a party to assert a defense that the opposing party has failed "to state a claim upon which relief can be granted." A class action is a procedural device, not a claim for relief. See Deposit Guaranty Nat'l Bank v. Roper, 445 U.S. 326, 331 (1980). Second, other Federal Rules of Civil Procedure exist to address impertinent allegations and class certification.[4] Thus, the use of Rule 12(b)(6) to address the same would create redundancies in the Federal Rules. Finally, the standard of review applied to orders granting motions to dismiss differs from that

---

[4] Some defendants have brought motions under Rule 12(f) to strike class allegations from complaints. See, e.g., Cholakyan v. Mercedes-Benz USA, LLC, ___ F. Supp. 2d ___, 2011 WL 2682975, at *21 (C.D. Cal.). While courts entertain such motions, it is rare that class allegations are stricken at the pleading stage. Id. (listing cases). Another alternative is a motion pursuant to Rule 23. See, e.g., Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 939-941 (9th Cir. 2009); Kamm v. California, 509 F.2d 205, 206 n.2 (9th Cir. 1975).

Even if Defendants had brought a Rule 12(f) or Rule 23 motion, it would fail. They have not shown that Plaintiffs' allegations are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P 12(f). Nor have they shown, at this early stage in the litigation, that class treatment is improper as a matter of law.

7

1  governing orders granting or denying class certification.  The
2  Ninth Circuit reviews de novo orders dismissing claims pursuant to
3  Rule 12(b)(6).  Whittlestone, 618 F.3d at 974.  Grants and denials
4  of class certification, however, are reviewed for abuse of
5  discretion.  Marlo v. United Parcel Serv., 639 F.3d 942, 946 (9th
6  Cir. 2011).

   Rule 12(b)(6) is not the appropriate procedural vehicle to challenge class allegations.  Accordingly, Defendants' Rule 12(b)(6) motion concerning Plaintiffs' class allegations is denied.  The Court has scheduled a date to hear Plaintiffs' motion for class certification.  Defendant MyLife should present its arguments against class certification in its opposition to that motion.

   B.   CLRA Claims

   Defendants argue that McCrary's and Brock's CLRA claims fail because they do not allege "that they received any solicitation from MyLife."  Defs.' Mot. to Dismiss at 15:3.  Defendants' argument appears to be that, because McCrary and Brock allegedly saw an advertisement and did not receive an email, it is irreconcilably inconsistent with other allegations in the complaint.  Defendants point to a general allegation that MyLife violated the CLRA by "disseminating false soliciations representing that 'someone' is looking for the recipient."  CACC ¶ 33.  However, Plaintiffs did not allege that this was the sole manner in which MyLife violated the CLRA.  Thus, McCrary's and Brock's specific allegations and this general allegation are not inconsistent, and their CLRA claims need not be dismissed.

   Defendants also argue that Clerkin's and Mendez's CLRA claims

8

based on MyLife's billing practices must be dismissed because a reasonable consumer would not have found MyLife's representations on its website deceptive. Plaintiffs respond that consumers could be misled by the placement and display of the effective rates of the memberships in relation to the amounts MyLife actually charges in advance.

While the monthly rates are displayed in bold and relatively large print, it is not evident that a subscriber will be charged immediately for the full amount for an entire membership term. As noted above, the website states, "One payment for full membership term." This language can be viewed as ambiguous and susceptible of multiple meanings. A consumer could understand this language to mean that payments will not change over a membership term; in other words, a twelve-month membership will be charged invariably at $14.95 every month. Defendants point to language stating, "One payment of $179.40 for a 12 month plan," which they argue suggests that customers will be charged a single amount. However, this language is presented in grey and small print on a "payment page," which is apparently separate from the "subscription page," on which membership terms and prices are displayed. Defs.' Jt. Mot. to Dismiss at 17:28-18:2.

Based on the present record, the Court declines to hold, as a matter of law, that MyLife's presentation of its subscription prices is not deceptive. "California courts . . . have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008)

(citing <u>Linear Tech. Corp. v. Applied Materials, Inc.</u>, 152 Cal. App. 4th 115, 134-35 (2007)). Defendants' arguments do not warrant a departure from this general rule.

In sum, Defendants' motion to dismiss Plaintiffs' CLRA claims is denied.

C. UCL Claims

Defendants argue that Plaintiffs' UCL claims must be dismissed because they have not alleged unlawful, unfair or fraudulent conduct. However, Plaintiffs have stated claims under the CLRA, which Defendants acknowledge can support Plaintiffs' claims under all three prongs of the UCL.

Accordingly, Defendants' motion to dismiss Plaintiffs' UCL claims is denied.

D. Common Count for Money Had and Received and Claims for Unjust Enrichment and Common Law Restitution

Defendants assert that Plaintiffs' common count and claims for unjust enrichment and common law restitution must be dismissed because Plaintiffs fail to state UCL and CLRA claims. However, as already explained, Plaintiffs' UCL and CLRA claims are stated sufficiently.

Accordingly, Defendants' motion to dismiss Plaintiffs' common count and claims for unjust enrichment and common law restitution is denied.

III. Defendants' Motion to Strike

Defendants move to strike paragraph four of the CACC, which lists alleged complaints by non-parties about MyLife's website. They contend that these complaints are immaterial and impertinent.

10

Matter is immaterial if it has no essential or important relationship to a claim for relief or defense. <u>Whittlestone</u>, 618 F.3d at 974. Impertinent matter is that which does not pertain to issues in question. <u>Id.</u>

It is true that these third party complaints cannot be submitted to a jury for the truth of the matters they assert. <u>See</u> Fed. R. Evid. 802. However, the complaints are neither immaterial nor impertinent. They are not immaterial because they relate to Plaintiffs' claims that MyLife misled consumers. They are pertinent to whether MyLife engaged in misconduct because they place Plaintiffs' individual circumstances in context.

Accordingly, paragraph four of the CACC will not be stricken.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Oak Investment Partners' motion to dismiss (Docket No. 69) and DENIES Defendants' joint motion to dismiss and motion to strike (Docket Nos. 70 and 73). Plaintiffs' claims against Oak Investment Partners are dismissed without leave to amend. MyLife shall answer Plaintiffs' complaint within fourteen days of the date of this Order. Fed. R. Civ. P. 12(a)(4)(A).

Plaintiffs' motion for class certification is due January 12, 2012. MyLife's opposition to Plaintiffs' class certification motion and its cross-motion for summary judgment, contained in a single brief, are due March 15, 2012. Plaintiffs' reply in support of class certification and their opposition to MyLife's summary judgment motion, contained in a single brief, are due May 17, 2012. MyLife's reply in support of its motion for summary judgment is due

11

May 24, 2012.  The hearing on Plaintiffs' motion for class certification and MyLife's motion for summary judgment is scheduled for June 14, 2012 at 2:00 p.m.

IT IS SO ORDERED.

Dated: 8/29/2011

*Claudia Wilken*
CLAUDIA WILKEN
United States District Judge