IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CLERKIN and VERONICA MENDEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MYLIFE.COM, INC., <br><br> Defendant. | No. C 11-0527 CW <br><br> ORDER DENYING MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL |

## BACKGROUND

Mylife.com, Inc. moves for an order certifying an interlocutory appeal of the Court's Order of August 29, 2011 on the question of whether class allegations may be dismissed at the pleading stage pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose the motion. The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court DENIES Defendant's motion.

## DISCUSSION

Pursuant to Title 28 U.S.C. section 1292(b), the district court may certify appeal of an interlocutory order if (1) the order involves a controlling question of law, (2) appealing the order may materially advance the ultimate termination of the litigation, and (3) there is substantial ground for difference of opinion as to the question of law.

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be

construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Thus, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). The party seeking certification to appeal an interlocutory order has the burden of establishing the existence of such exceptional circumstances. Id. A court has substantial discretion in deciding whether to grant a party's motion for certification. Brown v. Oneonta, 916 F. Supp. 176, 180 (N.D.N.Y. 1996) rev'd in part on other grounds, 106 F.3d 1125 (2nd Cir. 1997).

While Defendant argues that it should be entitled to contest class certification in a motion to dismiss, it has failed to show that class treatment is improper in this case. Therefore, even if the Court certified an interlocutory appeal and the Ninth Circuit held that class certification could be challenged in a motion to dismiss, resolution of this case would not be advanced. See Aug. 29, 2011 Order at 7, n.4. Plaintiffs' motion for class certification is due January 12, 2012. Whether Plaintiffs are entitled to represent a class will be long resolved before the result of any appeal to the Ninth Circuit would be announced.

Defendant argues that there are substantial differences of opinion on controlling questions of law on this issue because it has not been directly addressed by the Ninth Circuit. However, "The mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion under [section] 1292(b)." In re Conseco Life Ins. Cost Of Ins. Litig., 2005 WL

2

5678841, at *7 (C.D. Cal.) (citing Flor v. Bot Financial Corp., 79 F.3d 281, 284 (2d Cir. 1996); see also Lenz v. Universal Music Group, 2008 WL 4790669, at *2 (N.D. Cal.). Similarly, "substantial ground for difference of opinion does not exist merely because there is a dearth of cases." S.A. v. Tulare County Office of Educ., 2009 WL 331488, at *6 (E.D. Cal.)(quotations omitted)(citing White v. Nix, 43 F.3d 374, 378 (8th Cir. 1994). Defendant fails to demonstrate any exceptional circumstances here that would warrant the Court certifying an interlocutory appeal.

CONCLUSION

For the foregoing reasons the Court DENIES the motion to certify its order for interlocutory appeal. (Docket no. 84.)

IT IS SO ORDERED.

Dated: 11/15/2011

CLAUDIA WILKEN
United States District Judge