KIRTLAND & PACKARD LLP
LAW OFFICES

1   BURSOR & FISHER, P.A.
Scott A. Bursor (State Bar No. 276006)
2   L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State Bar No. 264916)
3   2121 North California Blvd., Suite 1010
Walnut Creek, CA 94596
4   Telephone: (925) 482-1515
Facsimile: (925) 407-2700
5   scott@bursor.com
ltfisher@bursor.com
6   swestcot@bursor.com

7   Michael Louis Kelly - State Bar No. 82063
Behram V. Parekh - State Bar No. 180361
8   Heather M. Peterson - State Bar No. 261303
KIRTLAND & PACKARD LLP
9   2361 Rosecrans Avenue, Fourth Floor
El Segundo, California  90245
10   Telephone: (310) 536-1000
Facsimile: (310) 536-1001
11   mlk@kirtlandpackard.com
bvp@kirtlandpackard.com
12   hmp@kirtlandpackard.com

13   *Counsel for Plaintiffs*
*and all others similarly situated*

14

15                  **UNITED STATES DISTRICT COURT**

16                  **NORTHERN DISTRICT OF CALIFORNIA**

17

18   JOHN CLERKIN and VERONICA MENDEZ, )   Case No. C11-00527 CW
individually and on behalf of all others           )
similarly situated,                                          )
19                                                                     )   CLASS ACTION
                                                                       )
Plaintiffs,                                             )
20                                                                     )   **CORRECTED STIPULATED**
v.                                                        )   **PROTECTIVE ORDER**
21                                                                     )
MYLIFE.COM, INC. and OAK                         )
22   INVESTMENT PARTNERS,                              )
                                                                       )
23                  Defendants.                                    )
_____)
24   CYNTHIA McCRARY, individually and on       )
behalf of all others similarly situated,              )
25                                                                     )
                  Plaintiff,                                )
26                                                                     )
v.                                                        )
27                                                                     )
MYLIFE.COM, INC.,                                    )
28                                                                     )
                  Defendants.                                    )

02260-00001  148564.01

STIPULATED PROTECTIVE ORDER

1

CODY BROCK, individually and on behalf of )
2 all others similarly situated, )
)
3                Plaintiff, )
)
4                     v. )
)
5 MYLIFE.COM, INC., )
)
6                Defendants. )
)
7 )

8

9        1.        PURPOSES AND LIMITATIONS

10        Disclosure and discovery activity in this action are likely to involve production of

11 confidential, proprietary, or private information for which special protection from public

12 disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

13 Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

14 Protective Order. The parties acknowledge that this Order does not confer blanket protections on

15 all disclosures or responses to discovery and that the protection it affords from public disclosure

16 and use extends only to the limited information or items that are entitled to confidential treatment

17 under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3,

18 below, that this Stipulated Protective Order does not entitle them to file confidential information

19 under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the

20 standards that will be applied when a party seeks permission from the court to file material under

21 seal.

22        2.        DEFINITIONS

23        2.1 Challenging Party: a Party or Non-Party that challenges the designation of

24 information or items under this Order.

25        2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is

26 generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

27 of Civil Procedure 26(c).

28

02260-00001  148564.01                                    -2-
STIPULATED PROTECTIVE ORDER

LAW OFFICES
KIRTLAND & PACKARD LLP

1    2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as

2    well as their support staff).

3    2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items

4    that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

5    2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

6    medium or manner in which it is generated, stored, or maintained (including, among other things,

7    testimony, transcripts, and tangible things), that are produced or generated in disclosures or

8    responses to discovery in this matter.

9    2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent

10   to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as

11   a consultant in this action.

12   2.7 <u>House Counsel</u>: attorneys who are employees of a party to this action.  House

13   Counsel does not include Outside Counsel of Record or any other outside counsel.

14   2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other

15   legal entity not named as a Party to this action.

16   2.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this

17   action but are retained to represent or advise a party to this action and have appeared in this action

18   on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

19   2.10 <u>Party:</u> any party to this action, including all of its officers, directors,

20   employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

21   2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery

22   Material in this action.

23   2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support

24   services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

25   organizing, storing, or retrieving data in any form or medium) and their employees and

26   subcontractors.

27   2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is

28   designated as "CONFIDENTIAL."

KIRTLAND & PACKARD LLP
LAW OFFICES

1    2.14 Receiving Party: a Party that receives Disclosure or Discovery Material from a

2 Producing Party.

3    3.    SCOPE

4    The protections conferred by this Stipulation and Order cover not only Protected Material

5 (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

6 all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

7 conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

8 However, the protections conferred by this Stipulation and Order do not cover the

9 following information: (a) any information that is in the public domain at the time of disclosure to

10 a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

11 a result of publication not involving a violation of this Order, including becoming part of the

12 public record through trial or otherwise; and (b) any information known to the Receiving Party

13 prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

14 obtained the information lawfully and under no obligation of confidentiality to the Designating

15 Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

16    4.    DURATION

17    Even after final disposition of this litigation, the confidentiality obligations

18 imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

19 or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal

20 of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein

21 after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

22 action, including the time limits for filing any motions or applications for extension of time

23 pursuant to applicable law.

24    5.    DESIGNATING PROTECTED MATERIAL

25    5.1 Exercise of Restraint and Care in Designating Material for Protection.

26    Each Party or Non-Party that designates information or items for protection under this

27 Order must take care to limit any such designation to specific material that qualifies under the

28 appropriate standards. The Designating Party must designate for protection only those parts of

02260-00001  148564.01                                  -4-

LAW OFFICES
KIRTLAND & PACKARD LLP

1  material, documents, items, or oral or written communications that qualify – so that other portions

2  of the material, documents, items, or communications for which protection is not warranted are

3  not swept unjustifiably within the ambit of this Order.

4      Mass, indiscriminate, or routinized designations are prohibited. Designations that are

5  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

6  unnecessarily encumber or retard the case development process or to impose unnecessary

7  expenses and burdens on other parties) expose the Designating Party to sanctions.

8      If it comes to a Designating Party's attention that information or items that it designated

9  for protection do not qualify for protection, that Designating Party must promptly notify all other

10  Parties that it is withdrawing the mistaken designation.

11      5.2 <u>Manner and Timing of Designations</u>.

12      Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a)

13  below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

14  protection under this Order must be clearly so

15  designated before the material is disclosed or produced.

16      Designation in conformity with this Order requires:

17      (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but

18  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

19  affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a

20  portion or portions of the material on a page qualifies for protection, the Producing Party also

21  must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

22  margins).

23      A Party or Non-Party that makes original documents or materials available for inspection

24  need not designate them for protection until after the inspecting Party has indicated which material

25  it would like copied and produced. During the inspection and before the designation, all of the

26  material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting

27  Party has identified the documents it wants copied and produced, the Producing Party must

28  determine which documents, or portions thereof, qualify for protection under this Order. Then,

LAW OFFICES
KIRTLAND & PACKARD LLP

before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with

02260-00001  148564.01                                 -6-

1    this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge

2    in good faith and must begin the process by conferring directly (in voice to voice dialogue; other

3    forms of communication are not sufficient) within 14 days of the date of service of notice. In

4    conferring, the Challenging Party must explain the basis for its belief that the confidentiality

5    designation was not proper and must give the Designating Party an opportunity to review the

6    designated material, to reconsider the circumstances, and, if no change in designation is offered, to

7    explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of

8    the challenge process only if it has engaged in this meet and confer process first

9    or establishes that the Designating Party is unwilling to participate in the meet and confer process

10   in a timely manner.

11           6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court

12   intervention, the Designating Party shall file and serve a motion to retain confidentiality under

13   Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of

14   the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

15   process will not resolve their dispute, whichever is earlier. Each such motion must be

16   accompanied by a competent declaration affirming that the movant has complied with the meet

17   and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

18   make such a motion including the required declaration within 21 days (or 14 days, if applicable)

19   shall automatically waive the confidentiality designation for each challenged designation. In

20   addition, the Challenging Party may file a motion challenging a confidentiality designation at any

21   time if there is good cause for doing so, including a challenge to the designation of a deposition

22   transcript or any portions thereof. Any motion brought pursuant to this provision must be

23   accompanied by a competent declaration affirming that the movant has complied with the meet

24   and confer requirements imposed by the preceding paragraph.

25      The burden of persuasion in any such challenge proceeding shall be on the

26   Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass

27   or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

28   to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

LAW OFFICES
KIRTLAND & PACKARD LLP

1 file a motion to retain confidentiality as described above, all parties shall continue to afford the

2 material in question the level of protection to which it is entitled under the Producing Party's

3 designation until the court rules on the challenge.

4       7. ACCESS TO AND USE OF PROTECTED MATERIAL

5       7.1 Basic Principles. A Receiving Party may use Protected Material that is

6 disclosed or produced by another Party or by a Non-Party in connection with this case only for

7 prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

8 disclosed only to the categories of persons and under the conditions described in this Order.

9 When the litigation has been terminated, a Receiving Party must comply with the provisions of

10 section 13 below (FINAL DISPOSITION).

11       Protected Material must be stored and maintained by a Receiving Party at a

12 location and in a secure manner that ensures that access is limited to the persons authorized under

13 this Order.

14       7.2 Disclosure of "CONFIDENTIAL" Information or Items.

15       Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

16 Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

17       (a) the Receiving Party's Outside Counsel of Record in this action, as well as

18 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

19 information for this litigation and who have signed the "Acknowledgment and Agreement to Be

20 Bound" that is attached hereto as Exhibit A;

21       (b) the officers, directors, and employees (including House Counsel) of the

22 Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

23 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24       (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

25 reasonably necessary for this litigation and who have signed the "Acknowledgment and

26 Agreement to Be Bound" (Exhibit A);

27       (d) the court and its personnel;

28       (e) court reporters and their staff, professional jury or trial consultants, mock jurors,

02260-00001  148564.01                     -8-

STIPULATED PROTECTIVE ORDER

1  and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

2  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3        (f) during their depositions, witnesses in the action to whom disclosure is

4  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

5  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

6  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

7  separately bound by the court reporter and may not be disclosed to anyone except as permitted

8  under this Stipulated Protective Order.

9        (g) the author or recipient of a document containing the information or a custodian

10 or other person who otherwise possessed or knew the information.

11     8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

12           OTHER LITIGATION

13     If a Party is served with a subpoena or a court order issued in other litigation that compels

14 disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

15 must:

16       (a) promptly notify in writing the Designating Party. Such notification

17 shall include a copy of the subpoena or court order;

18       (b) promptly notify in writing the party who caused the subpoena or order to issue

19 the other litigation that some or all of the material covered by the subpoena or order is subject to

20 this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;

21 and

22       (c) cooperate with respect to all reasonable procedures sought to be pursued by the

23 Designating Party whose Protected Material may be affected.

24     If the Designating Party timely seeks a protective order, the Party served with the

25 subpoena or court order shall not produce any information designated in this action as

26 "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued,

27 unless the Party has obtained the Designating Party's permission. The Designating Party shall bear

28 the burden and expense of seeking protection in that court of its confidential material – and

02260-00001  148564.01    -9-

1    nothing in these provisions should be construed as authorizing or encouraging a Receiving Party

2    in this action to disobey a lawful directive from another court.

3        9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

4            PRODUCED IN THIS LITIGATION

5        (a) The terms of this Order are applicable to information produced by a Non-Party

6    in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties

7    in connection with this litigation is protected by the remedies and relief provided by this Order.

8    Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

9    additional protections.

10       (b) In the event that a Party is required, by a valid discovery request, to produce a

11   Non-Party's confidential information in its possession, and the Party is subject to an agreement

12   with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

13           1. promptly notify in writing the Requesting Party and the Non-Party that

14   some or all of the information requested is subject to a confidentiality agreement with a

15   Non-Party;

16           2. promptly provide the Non-Party with a copy of the Stipulated Protective

17   Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

18   the information requested; and

19           3. make the information requested available for inspection by the

20   Non-Party.

21       (c) If the Non-Party fails to object or seek a protective order from this court within

22   14 days of receiving the notice and accompanying information, the Receiving Party may produce

23   the Non-Party's confidential information responsive to the discovery request. If the Non-Party

24   timely seeks a protective order, the Receiving Party shall not produce any information in its

25   possession or control that is subject to the confidentiality agreement with the Non-Party before a

26   determination by the court. Absent a court order to the contrary, the Non-Party shall bear the

27   burden and expense of seeking protection in this court of its Protected Material.

28

02260-00001  148564.01                           -10-

STIPULATED PROTECTIVE ORDER

1    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

2    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

3 Material to any person or in any circumstance not authorized under this Stipulated Protective

4 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

5 unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

6 Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

7 terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

8 Agreement to Be Bound" that is attached hereto as Exhibit A.

9    11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

10        PROTECTED MATERIAL

11    When a Producing Party gives notice to Receiving Parties that certain inadvertently

12 produced material is subject to a claim of privilege or other protection, the obligations of the

13 Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

14 provision is not intended to modify whatever procedure may be established in an e-discovery

15 order that provides for production without prior privilege review. Pursuant to Federal Rule of

16 Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

17 communication or information covered by the attorney-client privilege or work product protection,

18 the parties may incorporate their agreement in the stipulated protective order submitted to the

19 court.

20    12.    MISCELLANOUS

21    12.1 Right to Further Relief. Nothing in this Order abridges the right of any person

22 to seek its modification by the court in the future.

23    12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective

24 Order no Party waives any right it otherwise would have to object to disclosing or producing any

25 information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

26 Party waives any right to object on any ground to use in evidence of any of the material covered

27 by this Protective Order.

28

02260-00001  148564.01                    -11-
STIPULATED PROTECTIVE ORDER

KIRTLAND & PACKARD LLP
LAW OFFICES

LAW OFFICES
KIRTLAND & PACKARD LLP

1          12.3 <u>Filing Protected Material</u>. Without written permission from the

2    Designating Party or a court order secured after appropriate notice to all interested persons, a

3    Party may not file in the public record in this action any Protected Material. A Party that seeks to

4    file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material

5    may only be filed under seal pursuant to a court order authorizing the sealing of the specific

6    Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon

7    a request establishing that the Protected Material at issue is privileged, protectable as a trade

8    secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file

9    Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the

10   Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e)

11   unless otherwise instructed by the court.

12       13.    <u>FINAL DISPOSITION</u>.

13         Within 60 days after the final disposition of this action, as defined in paragraph 4, each

14   Receiving Party must return all Protected Material to the Producing Party or destroy such material.

15   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

16   summaries, and any other format reproducing or capturing any of the Protected Material. Whether

17   the Protected Material is returned or destroyed, the Receiving Party must submit a written

18   certification to the Producing Party (and, if not the same person or entity, to the Designating

19   Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected

20   Material that was returned or destroyed and

21   (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries

22   or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this

23   provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

24   deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

25   exhibits, expert reports, attorney work product, and consultant and expert work product, even if

26   such materials contain Protected Material. Any such archival copies that contain or constitute

27   Protected Material remain subject to this Protective Order as set forth in

28   Section 4 (DURATION).

1        All Parties further agree that they will be bound by the terms of this Order prior to its

2  execution and entry by the Court.

3  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4
    DATED: January 11, 2012              **KIRTLAND & PACKARD LLP**
5                                      Michael Louis Kelly
                                        Behram V. Parekh
6                                      Heather M. Peterson

7                      By:    /s/ Behram V. Parekh
                                Behram V. Parekh, of counsel
8
                             **BURSOR & FISHER, P.A.**
9                             Scott A. Bursor
                             L. Timothy Fisher
10                           Sarah N. Westcot

11                           *Counsel for Plaintiffs and all others similarly*
                           *situated*
12
  DATED: January 11, 2012              **LATHROP & GAGE, LLP**
13                           John Shaeffer
                           Carole Handler
14                         Randy Merritt

15

16                      By:    /s/ Carole Handler
                                Carole Handler, Esq.
17
                           **LAW OFFICES OF RONALD**
18                         **JASON PALMIERI, P.C.**
                         Ronald J. Palmieri
19                         1644 North Orange Grove Avenue
                         Los Angeles, California 90046
20                         Email: RJP@LORJP.com
                         Phone: 323.882.8225
21                         Facsimile: 323-882-8208

22                         *Counsel for Defendant*

23

24  PURSUANT TO STIPULATION, IT IS SO ORDERED  AS MODIFIED.

25

26

27  DATED:  1/12/12

28                        Nathanael M. Cousins, U.S. Magistrate Judge

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on _____[date] in the case of *Clerkin v. MyLife.com, Inc.*,

et al, Case No. C11-00527 CW. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action. I hereby

appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]