IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CLERKIN; and VERONICA MENDEZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>MYLIFE.COM INC.,<br><br>        Defendant. | No. C 11-527 CW<br><br>ORDER DENYING MOTION TO DISQUALIFY, TAKING ADMINISTRATIVE MOTION TO WITHDRAW UNDER SUBMISSION, AND VACATING HEARING<br>(Docket Nos. 108, 110) |

    Plaintiffs John Clerkin and Veronica Mendez move to disqualify Kirtland & Packard LLP (Kirtland) as co-interim class counsel in this case, appointment of Bursor & Fisher, P.A. (Bursor) as sole interim class counsel, and for disclosure of the confidential settlement agreement between former Plaintiffs Cody Brock and Cynthia McCrary and Defendant MyLife.com Inc. (MyLife) to the Court and Bursor. Kirtland opposes the motion and has filed an administrative motion to withdraw as interim class counsel, because it directly represented Brock and McCrary, who are no longer parties to this action. Plaintiffs filed a response to Kirtland's administrative motion, in which they do not oppose the Kirtland's withdrawal, but argue that the administrative motion does not moot Plaintiffs' request for disclosure of the settlement agreement.

    On August 16, 2011, the Court consolidated three putative class actions brought against Defendant MyLife, which operates mylife.com, a website: Clerkin v. MyLife.com, Inc., Case No. 11-

527 (N.D. Cal.), which was brought by Clerkin and Mendez;[1] <u>McCrary v. MyLife.com, Inc.</u>, Case No. 11-2353 (N.D. Cal.), brought by McCrary; and <u>Brock v. MyLife.com, Inc.</u>, Case No. 11-3073 (N.D. Cal.), brought by Brock. At that time, the Court designated Bursor, counsel for Clerkin and Mendez, and Kirtland, counsel for McCrary and Brock, as co-interim class counsel, pursuant to Federal Rule of Civil Procedure 23(g)(3).

On February 17, 2012, Brock, McCrary and MyLife filed a stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) for voluntary dismissal of Brock and McCrary's individual claims with prejudice. Docket No. 107. The stipulation provided, "This dismissal shall have no effect on the individual and class claims asserted by Plaintiffs John Clerkin and Veronica Mendez." <u>Id.</u> Clerkin, Mendez and Kirtland subsequently brought the instant motions.

Having considered the papers filed by the parties, the Court finds the request for Kirtland's disqualification is mooted by its unopposed motion to withdraw as counsel and that, even if it were not, no grounds have been presented for disqualification of Kirtland.

Further, Plaintiffs have not presented any authority that would require this Court to scrutinize the individual settlement reached here, where the dismissal of Brock and McCrary's individual claims do not prejudice prosecution of the class

---

[1] Clerkin and Mendez also asserted claims against additional Defendants, including individual Defendants who worked for MyLife.com and Oak Investment Partners. The claims against these Defendants were previously dismissed by this Court. <u>See</u> Docket Nos. 80 and 82.

claims, because Clerkin and Mendez continue to assert the same claims on behalf of the class after dismissal of Brock and McCrary. However, though there is no evidence suggesting that the settlement was tainted by collusion, in an abundance of caution, the Court ORDERS Kirtland to produce a copy of the settlement agreement between Brock, McCrary and MyLife for in camera review, by the Court only, within four days of the date of this Order. Kirtland shall hand-deliver to the Clerk's office one hard copy in an envelope marked "Courtesy Copy for Chambers." The Court will review it and, if nothing relevant is found, will destroy it. It will not be made part of the record.

The Court DENIES Plaintiffs' motion to disqualify (Docket No. 108) and takes Kirtland's motion to withdraw under submission on the papers (Docket No. 110). The Court will rule on that motion after conducting an in camera review of the settlement agreement at issue. The hearing currently set for April 5, 2012 at 2:00 p.m. is VACATED.

IT IS SO ORDERED.

Dated: 3/28/2012

CLAUDIA WILKEN
United States District Judge