1
2
3
4
5
6        **UNITED STATES DISTRICT COURT**
7        **NORTHERN DISTRICT OF CALIFORNIA**
8        **SAN FRANCISCO DIVISION**
9

10   JOHN CLERKIN and others,                      Case No. 11-CV-00527 CW (NC)

11            Plaintiffs,                          **ORDER RESOLVING
                                                   DISCOVERY DISPUTE ABOUT**
12       v.                                        **FORMAT FOR DOCUMENTS
                                                   PRODUCED BY MYLIFE**
13   MYLIFE.COM INC.,                              Re: Dkt. No. 147

14            Defendant.

15

16

17       This discovery dispute exemplifies the adage that litigants should be careful what

18   they wish for; their wish may come true.

19       More than six months ago, this Court granted Plaintiffs' motion to compel and

20   ordered MyLife to produce documents requested by Plaintiffs.  MyLife complied,

21   producing more than 4.6 million pages of documents to Plaintiffs in a rolling production.

22   At the request of Plaintiffs, MyLife produced the documents in "PDF" format.  Portable

23   Document Format (PDF) is a commonly used file format used to represent documents in

24   a manner independent of application software, hardware, and operating system.[1]  Free

25   publicly available software, such as Adobe Reader, permits users to view documents

26   produced in PDF.

27   _____

28       [1] *Portable Document Format*, Wikipedia (October 3, 2012, 9:41 a.m.),
     http://en.wikipedia.org/wiki/Portable_Document_Format.

1    Plaintiffs were able to view the documents produced by MyLife.  Their present

2  complaint is that in the format the documents were produced, it is difficult for their

3  attorneys to search and organize the documents using their available digital tools.

4    In hindsight, Plaintiffs wish they had specified that the documents be produced in

5  a *searchable* format, such as "searchable" PDF, TIFF, or in their native format.  Doc.

6  No. 147 at 4.  In hindsight, if Plaintiffs had asked for the documents to be produced in a

7  *searchable* PDF format, they now would be able to search through the documents much

8  more easily.

9    Technology provides a possible solution.  As suggested by Plaintiffs, the

10  documents produced could be converted into a more searchable format if one were to

11  "OCR" the documents.  OCR, meaning optical character recognition, is the mechanical

12  or electronic conversion of scanned images of handwritten, typewritten or printed text

13  into machine-encoded text.[2]  If the MyLife documents were converted into searchable

14  machine-encoded text, then Plaintiffs could both search and view the documents

15  electronically.  The parties agree that the cost to OCR the MyLife document production

16  is approximately $12,000.

17    The question presented is whether MyLife should be compelled to reproduce its

18  4.6 million page document production in a *searchable* format.  In the alternative,

19  Plaintiffs assert that MyLife should pay for the cost to OCR the documents already

20  produced.

21    Federal Rule of Civil Procedure 34(b)(2)(E)(ii) provides that if a document

22  request "does not specify a form for producing electronically stored information," then

23  the producing party must produce it in a "form or forms in which it is ordinarily

24  maintained or in a reasonably usable form or forms."  In this case, however, plaintiffs *did*

25  specify a format for producing electronically stored information, and MyLife produced

26  documents in precisely the format requested by Plaintiffs.  In hindsight, Plaintiffs could

27

28    [2] *Optical Character Recognition*, Wikipedia (September 27, 2012, 2:34 p.m.),
http://en.wikipedia.org/wiki/Optical_character_recognition.

1   have asked for a searchable format before MyLife began its production.  At the very

2   least, Plaintiffs should have recognized as soon as they began their document review that

3   they should have specified a searchable format.  Plaintiffs charge that MyLife has

4   engaged in "discovery abuse" by producing documents in precisely the format requested

5   by Plaintiffs.  Dkt. No. 147 at 3.[3]  The Court disagrees, and suggests that Plaintiffs

6   should be more careful in what they request in the future.

7          In sum, because the Court concludes that the format of MyLife's document

8   production complied with the format requested by Plaintiffs, MyLife satisfied Rule 34.

9   The Court therefore denies Plaintiffs' request to compel MyLife to reproduce its

10  production.  The Court also denies Plaintiffs' request for MyLife to pay for the cost to

11  OCR the documents already produced.[4]

12         The parties must meet and confer with each other about the format of any

13  documents to be produced in the future.  Any party may object to this order within

14  fourteen days under Federal Rule of Civil Procedure 72.

15         IT IS SO ORDERED.

16         DATED:   October 4, 2012                _____

17                                                 NATHANAEL M. COUSINS
                                                   United States Magistrate Judge

18

19

20

21

22

23

24  _____

25       [3] Plaintiffs also complain that the 4.6 million page production includes documents
    they do not think are relevant.  Plaintiffs do not specify how many documents fall into
26  this category; nor do they explain how they have been prejudiced.

27
         [4] The Court acknowledges that MyLife proposed a compromise to resolve this
28  discovery dispute: the parties split the $12,000 cost of OCR.  Dkt. No. 147 at 6:21-22.
    Plaintiffs did not accept.